Olivia Ellis
vs. } No. 88846.
Saul Gaffner

March 1, 1934.

POULIOT, J. This cause is before the Court on defendant's motion for a new trial after a jury verdict for the plaintiff for $920.

It appears that on January 29, 1932, at about 5:30 P. M., the plaintiff was crossing Greene Street, at Washington Street, in a southerly direction on the north side of Washington Street, when she was struck by the defendant's automobile, knocked to the ground and was hit by a truck while getting up from the pavement.

The plaintiff's story of the accident is that at the intersection of Greene and Washington Streets, she observed no traffic; that when she was about half way across Greene Street, she saw defendant's car on Washington Street headed toward the center of the city; that this car made a sharp left turn, heading toward the left, or north side of Greene Street; that she stepped back to give him a chance to get by, but was struck by the right front mudguard.

The defendant's story is that he first saw the plaintiff stepping from the sidewalk when his front wheels were where the first white line of the crosswalk would be; that he cramped his wheels to the left to avoid striking the plaintiff; that she kept on coming and a collision resulted.

We have here a disputed question of fact and the Court cannot say that, on the evidence, the jury erred in finding the defendant negligent.

The vexatious problem is in determining the damages.

The plaintiff was knocked to the pavement by the mudguard on defendant's automobile. She started to get up, and had gotten onto one knee when a truck came from Washington Street, hit her, dragged her several feet and passed over her thigh before coming to a stop. She was conveyed in an ambulance to the Rhode Island Hospital, where she was examined. The hospital accident slip, Def't's Exhibit B, reads: "knocked down in street by mudguard of one car and run over by second car. Complains of Rt. arm and leg. Able to walk. No fracture made out in leg or arm. Some contusion in both arm and leg but no laceration. No treatment required. Sent home in ambulance.

The next day Dr. James E. Henry saw her at her home. He found a large number of injuries which necessitated his services to the extent that his bill is $766.50 and that will require about another year's treatment. He attributes, in round figures, about $575 of this bill to the accident involving the defendant's automobile.

The plaintiff brought suit against the owner of the truck also, and although it is not in evidence, yet the Court learned from counsel, on hearing the motion for a new trial, that the plaintiff had received a verdict or an adjustment in that case. That in itself would have no bearing on the present matter. But it is in evidence in this suit that the claims made by the plaintiff and her physician in this case are the same claims which were set forth in the case against the truck owner, and that fact must necessarily affect the Court's determination of the present matter.

The Court does not believe that it is bound to accept blindly the physician's partition of his bill when such acceptance is contrary to its common sense reaction with reference to the probable injuries caused by each of the two successive collisions. It is common sense to believe that the injuries caused by a sidewipe of a mudguard would be less severe than those caused by being hit head-on, by being dragged several feet and then run over

The Court feels that $500 would be ample and generous compensation in this case.

If the plaintiff within ten days remits all of the verdict in excess of $500, defendant's motion is denied; otherwise it is granted.

For plaintiff: Fergus J. McOsker.

For defendant: Henry M. Boss.